[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12585
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 6, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-23259-JAL

WALTER DULANEY,

Plaintiff-Appellant,

versus

MIAMI-DADE COUNTY,
INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS,
Local 1403,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 6, 2012)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Walter Dulaney appeals the district court's grant of summary judgment in favor of Defendants—Miami-Dade County, Florida ("the County"), and Local 1403 Metro-Dade Fire Fighters, International Association of Fire Fighters ("the Union")—as to all of his disability discrimination in employment claims, raised pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112; and the Florida Civil Rights Act ("FCRA"), Fla. Stat. §§ 760.01-.11.[1]  After thorough review of the record and the parties' arguments, we affirm.

Dulaney alleged before the district court that he was fired for "job abandonment" after a series of medical incidents, including an incident involving a "severe depressive episode" for which Dulaney eventually was ordered to undergo a psychiatric evaluation.  Dulaney asserted that the County's Risk Management Department was responsible for setting up the evaluation so that he could be cleared to return to work, but it never set up the appointment because the Union inaccurately told the County that Dulaney's problems arose from his illegal drug use.  Specifically, Dulaney alleged that: (1) the County failed to set up a

---

[1] Dulaney also alleged that the County violated 42 U.S.C. § 12132, which prohibits public entities from excluding or denying benefits to qualified individuals on account of their disability.  However, because Dulaney fails to address this issue on appeal, it is deemed abandoned. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) (explaining that "a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed").

2

required psychological evaluation and terminated him because it perceived him as being a drug user; and (2) the Union discriminated against him by "deliberately acquiescing" in the County's discriminatory conduct, in that it discouraged the County from setting up a psychological evaluation and misinformed the County that Dulaney was a drug addict.

The district court granted the County's and the Union's motions for summary judgment. As to the County's motion, the court found that Dulaney failed to establish a *prima facie* case of disability discrimination based upon perceived drug use. The court found, *inter alia*, that there was no evidence of any connection between any adverse employment action taken on behalf of the County and any perceived drug use. There was also no evidence that the County prevented Dulaney from scheduling a psychological evaluation or that it otherwise failed to schedule one for him when it was required to do so. The court further found that, even assuming Dulaney had demonstrated a *prima facie* case, the County had articulated a legitimate, non-discriminatory reason for his termination—that is, Dulaney refused to return to work after having been cleared to do so—and Dulaney had not raised any factual issues as to whether that reason was pretextual.

The district court also found that summary judgment was appropriate on the

claims against the Union. The court found that Dulaney's deliberate acquiescence claim failed, as there were no genuine issues of material fact regarding whether the County discriminated against Dulaney based on a perceived disability. Further, there was no evidence that the Union played any role in Dulaney's termination, or that the Union failed to represent Dulaney adequately.

We review a district court's grant of summary judgment *de novo*, drawing all reasonable inferences in the light most favorable to the non-moving party. *Moore ex rel. Moore v. Reese*, 637 F.3d 1220, 1231 (11th Cir. 2011). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "No genuine issue of material fact exists if a party has failed to 'make a showing sufficient to establish the existence of an element . . . on which that party will bear the burden of proof at trial.' " *Am. Fed'n of Labor & Cong. of Indus. Orgs. v. City of Miami*, 637 F.3d 1178, 1186-87 (11th Cir. 2011) (modification in original) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986)).

**Dulaney's Claims Against the County**

On appeal, Dulaney argues that the district court erred in granting summary

judgment for the County and dismissing his case, because the evidence showed that (1) he was a non-drug user who was perceived as a drug user, (2) he was told that he needed to attend drug rehabilitation in order to keep his job, and (3) County personnel were ordered to make surprise visits to his house to catch him using drugs. Dulaney argues that the district court erred in finding that he did not establish a *prima facie* case of disability discrimination, as he presented evidence that the County regarded him as disabled. Dulaney also argues that the County is liable under a "cat's paw" theory because Chief Christine Rogers, who recommended Dulaney's termination to Fire Chief Herminio Lorenzo, knew of the drug-use rumors. Finally, Dulaney argues that he demonstrated that the County's proffered reason for his termination was pretextual.

The ADA prohibits employers from discriminating against persons with disabilities. *See* 42 U.S.C. § 12101. "Under the controlling law in this Circuit, the burden-shifting analysis of Title VII employment discrimination claims is applicable to ADA claims."[2] *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247,

---

[2] Dulaney asserted that the County and the Union also violated the FCRA, which makes it unlawful for an employer to "discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status." Fla. Stat. § 760.10(1)(a). Claims of disability discrimination under the FCRA are analyzed using the same framework as ADA claims. *Chanda v. Engelhard/ICC*, 234 F.3d 1219, 1221 (11th Cir. 2000).

1255 (11th Cir. 2007) (quotation and alteration omitted). Under this burden-shifting analysis, the plaintiff must first establish a *prima facie* case of discrimination under the ADA by showing (1) he is disabled, (2) he is a qualified individual, and (3) he was subjected to unlawful discrimination because of his disability. *Id.* at 1255-56. The ADA defines "disability" as (1) a physical or mental impairment that substantially limits one or more of the major life activities of the individual, (2) a record of such impairment, or (3) being regarded as having an impairment. 42 U.S.C. § 12102(1); *Carruthers v. BSA Adver., Inc.*, 357 F.3d 1213, 1215 (11th Cir. 2004).

According to the Equal Employment Opportunity Commission regulations that were in effect at the time of Dulaney's termination, to be "regarded as" having such an impairment means that an individual:

> (1) has a physical or mental impairment that does not substantially limit major life activities but is treated by a covered entity as constituting such limitation; (2) has a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or (3) has none of the impairments defined in paragraph (h)(1) or (2) of this section but is treated by a covered entity as having a substantially limiting impairment.

29 C.F.R. § 1630.2(*l*) (2007). Thus, an employer "runs afoul of the ADA when it makes an employment decision based on a physical or mental impairment, real or

imagined, that is regarded as substantially limiting a major life activity."

*D'Angelo v. ConAgra Foods, Inc.*, 422 F.3d 1220, 1228 (11th Cir. 2005).

(quotation omitted).[3]

Once the plaintiff establishes a *prima facie* case of discrimination under the ADA, if the employer articulates a legitimate, non-discriminatory reason for its alleged discriminatory action, the plaintiff must show that the reason was merely a pretext for discrimination. *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1193 (11th Cir. 2004). If the plaintiff fails to proffer sufficient evidence to create a genuine issue of material fact as to whether the defendant's proffered reason is pretextual, the defendant is entitled to summary judgment. *See Chapman v. AI Transp.*, 229 F.3d 1012, 1024-25 (11th Cir. 2000).

A plaintiff may show pretext "either directly by persuading the court that a

---

[3] In 2008, Congress enacted the ADA Amendments Act of 2008, which became effective January 1, 2009. *See* ADA Amendments Act of 2008, Pub. L. No. 110-325, § 8, 122 Stat. 3553, 3559 (2008). Among the Amendments, Congress changed the definition of "disability" such that being "regarded as" having a disability no longer requires a showing that the employer perceived the individual to be substantially limited in a major life activity. *See* 42 U.S.C. § 12102(3)(A) ("An individual meets the requirement of 'being regarded as having such an impairment' if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity."). Although the County's allegedly discriminatory conduct occurred before the 2008 Amendments Act, the complaint in this matter was not filed until October 2009, well after the effective date of the amendments. We have not addressed in a published opinion whether the 2008 Amendments apply in a case where they took effect after the alleged discrimination occurred but before the complaint was filed. However, because Dulaney fails otherwise to establish a *prima facie* case of disability discrimination, we need not address this issue here.

discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256, 101 S. Ct. 1089, 1095 (1981). In doing so, a plaintiff can point to "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the proffered explanation." *Brooks v. Cnty. Comm'n of Jefferson Cnty., Ala*, 446 F.3d 1160, 1163 (11th Cir. 2006) (quotation omitted). Nevertheless, a plaintiff must show not merely that the defendant's employment decisions were mistaken, but that they were in fact motivated by discriminatory animus. *See Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1092 (11th Cir. 2004). Stated differently, an "employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." *Nix v. WLCY Radio/Rahall Commc'ns*, 738 F.2d 1181, 1187 (11th Cir. 1984). "Provided that the proffered reason is one that might motivate a reasonable employer, an employee must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason." *Chapman*, 229 F.3d at 1030.

Under a "cat's paw" theory of causation, a non-decisionmaking employee's discriminatory animus may be imputed to a neutral decisionmaker when the

decisionmaker has not independently investigated the allegations of misconduct. *Stimpson v. City of Tuscaloosa,* 186 F.3d 1328, 1332 (11th Cir. 1999). "In such a case, the recommender is using the decisionmaker as a mere conduit, or 'cat's paw' to give effect to the recommender's discriminatory animus." *Id.* Under a cat's paw theory, a plaintiff must "prove that the discriminatory animus behind the recommendation, and not the underlying employee misconduct identified in the recommendation, was an actual cause of the other party's decision to terminate the employee." *Id.* at 1331.

Here, the district court properly granted the County's motion for summary judgment because Dulaney failed to establish a *prima facie* case of disability discrimination. First, Dulaney failed to establish that he was disabled, under prong one of the *prima facie* case, because he was "regarded as" being a drug user. *See Holly*, 492 F.3d at 1255-56; 42 U.S.C. § 12102(3)(A). Dulaney offered no evidence that the final decision maker, Chief Lorenzo, was even aware of the drug-use rumors. Instead, he argues that the County is liable for disability discrimination under a "cat's paw" theory. However, even under a "cat's paw" theory of causation, Dulaney fails to establish that Chief Rogers, who recommended Dulaney's termination, regarded Dulaney as a drug user, much less that her recommendation was based on any discriminatory animus. *Stimpson*, 186

F.3d at 1331. Rogers testified that she was aware of the drug-use rumors, but that she did not "take any stock" in the rumors in making her decisions. There was no evidence to the contrary.

Furthermore, Dulaney fails to establish, under prong three of the *prima facie* case, that he was subjected to unlawful discrimination because of any perceived disability. *See Holly*, 492 F.3d at 1255-56.[4] Rogers's knowledge of the drug-use rumors was temporally remote from the eventual decision to terminate Dulaney almost a year later. Evidence that she had heard rumors in late 2006 but did not decide to terminate Dulaney until almost a full year later does not support an inference that a perceived drug addiction had anything to do with the decision to terminate. *See Wascura v. City of S. Miami*, 257 F.3d 1238, 1244-45 (11th Cir. 2001) (finding that a gap of three and a half months between employee's notification to her employer of her son's illness and her subsequent termination was insufficient circumstantial evidence to create a genuine issue of material fact of a causal connection). Further, the evidence showed that the termination process actually began because of a change in the payroll accounting system, which forced Rogers to determine whether Dulaney had abandoned his position with the

---

[4] The district court did not reach the issue of whether Dulaney was a "qualified individual" under the second prong of the *prima facie* case of disability discrimination. Because Dulaney failed to establish the other two prongs, we need not address this issue.

10

County.  There was no evidence that Rogers's decision to recommend Dulaney's termination resulted from any discriminatory animus.

Because Dulaney failed to establish a *prima facie* case of disability discrimination, we affirm the grant of summary judgment for the County.  Furthermore, we need not reach the issue of whether the County's articulated reason for firing Dulaney—that he failed to report for duty for a year even though he was cleared to do so—was pretext for discrimination.


**<u>Dulaney's Claims Against the Union</u>**

Dulaney further argues, *inter alia*, that the district court erred in granting summary judgment for the Union because the evidence showed that the Union deliberately acquiesced in the County's discriminatory conduct.  Dulaney also argues that the Union failed to advise him to file a complaint of discrimination, to provide him with a grievance form, and to inform him of his right to appeal the County's discriminatory actions.

The ADA prohibits a "covered entity" from discriminating against qualified individuals with disabilities.  42 U.S.C. § 12112(a).  "Covered entit[ies]" include employers and labor organizations. 42 U.S.C. § 12111(2).

Because Dulaney failed to establish a genuine issue of material fact as to

11

whether the County discriminated against him based on a perceived disability, any claim Dulaney may have against the Union for deliberate acquiescence in that discriminatory behavior also fails. Accordingly, we affirm as to this issue.

## **Conclusion**

Based on a review of the record and the parties' briefs, we hold that the district court correctly granted summary judgment for the County and the Union.

AFFIRMED.[5]

---

[5]  Dulaney's request for oral argument is DENIED.